# ST. JOHNS GAS COMPANY, Plaintiff,

## *v.*

# CITY OF SAN JUAN, Defendant.

### LIABILITY OF MUNICIPALITY FOR TORT.

1. A municipal corporation is liable for a trespass by its officers, if they acted under its authority, and it was committed in the exercise of a corporate act.

2. A trespass committed by the employees or officers of a municipality, if afterwards ratified or the benefit accepted by the corporate authority, becomes the act of the municipality, for which it is liable.

3. If the mayor of a city takes possession of property forcibly, and the city receives the benefit of such property for any length of time, it must be held to have ratified his action, and to have assumed the responsibility therefor as a corporate act of the city.

4. The measure of damages in such a case is compensation for all injury which resulted as a direct consequence from the trespass. It is not

*Municipal corporations—torts.* Various questions relating to the liability of municipal corporations for tortious acts are discussed in the following editorial notes, where the authorities dealing with the particular questions involved are fully presented: *Liability of municipal corporations for false imprisonment and unlawful arrest,* note to Bartlett v. Columbus, 44 L. R. A. 795; *Municipal liability for arrest and imprisonment under invalid ordinance,* note to McGraw v. Marion, 47 L. R. A. 593; *Liability for imprisonment in unfit prison,* note to Shields v. Durham, 36 L. R. A. 293; *Distinction between public and private functions of municipal corporations in respect to liability for negligence,* note to Barron v. Detroit, 19 L. R. A. 452; *Liability for acts of policeman,* note to Whitefield v. Paris, 15 L. R. A. 783; *Liability for acts of firemen,* note to Dodge v. Granger, 15 L. R. A. 781; *Liability for permitting animals in streets,* note to Cochrane v. Frostburg, 27 L. R. A. 728; *Liability for property destroyed by mob,* note to Gianfortone v. New Orleans, 24 L. R. A. 592; *Liability for authorizing dangerous nuisance such as fireworks,* note to Scanlon v. Wedger, 16 L. R. A. 395.

St. Johns Gas Co. v. San Juan.

limited to compensation for the use during the time defendant was actually in possession, but includes all damage which may have been done to the property, which was a direct result of the wrongful entry and wrongful use.

5. If, after the trespass had been committed, and after having remained in possession of the property for a time, using the same in the manufacture of gas, the city abandoned it, the agent of the company being present, the plaintiff could only recover for the injuries which were the direct consequences of the trespass.

6. If the trespass was committed wantonly, exemplary damages may also be awarded.

October 24, 1902.

_____

*Messrs. Dexter & Hord* for plaintiff.

*Messrs. Pettingill & Keedy* for defendant.

HOLT, Judge, gave the following charge to the jury:

You have listened carefully to the evidence and argument in this case. It now becomes my duty to define to you the law governing it; and then it becomes your duty to consider the evidence, and find what has been proven in the case. You are bound to accept the law as stated to you by the court. Upon the other hand, it is your province to determine what has been proven in the case, considering all the testimony. I have no more right to assume to determine for you what has been proven in the case than you have to assume to determine the law.

The plaintiff, a private corporation, sues the municipality of San Juan, a public corporation, claiming that it, through its officers, invaded a close, bounded so and so, upon which there was a gas plant, and took possession of it, and also of 15 miles, more or less, of the distributing plant of that gas plant laid in

PORTO RICO—11.

the soil of San Juan. They allege that this occurred on the 16th day of September, 1900. The plaintiff says that, having so invaded this close, the defendant broke open the gates and doors, and took gas, coke, lime, coal, tools, etc.; and that it began to and did operate the plant, and deprived plaintiff of the use thereof. The testimony is somewhat conflicting as to how long the plaintiff was deprived of the use of this plant by this alleged trespass. There is no conflict in the testimony but what it was deprived of it for some length of time. The defendant, the municipality of San Juan, has put in a plea of not guilty, which is termed in law the general issue. That is the same as saying to you that the trespass was not committed, or that the municipality of San Juan did not commit it; that is the issue made by the pleading. Of course, if it did, the question of damage enters into the case. There is no plea of justification in the case,—no plea of excuse. There is no claim and no plea that the city of San Juan had the right to do what it did. Every man—and this plaintiff corporation is in law considered as a person—every person has the right to the enjoyment of what belongs to him. If he is deprived of it illegally, a wrong is done for which he may sue;—he may sue on account of the wrongful act, and the form of that action is known in law as trespass. That is this character of action. Its legal meaning is a direct physical interference with a person, or with the property of that person. For instance, going upon the land of another is a trespass. It lies upon the plaintiff in this case to show—as it has done, and that is not controverted—that this close was its property. Even if the close had not been the actual property of the plaintiff, but the plaintiff had been in the actual possession of it, it could still maintain this action. Now, being the owner of it, the municipality, by its officer and authority, entered this close and took possession of it. A munici-

St. Johns Gas Co. v. San Juan.

pal corporation is liable for a trespass by its officer, by its authority, if the act be a corporate act. A municipality has no right to take your dwelling house, for instance, for a police station, no more than I or any other man has the right to take it by force and without authority of law. The difficulty lies in determining under what circumstances the liability arises on the part of the corporation; but I say to you if the act be done by corporate authority, or if it be afterwards ratified by corporate authority, it then becomes the act of the municipality. The testimony in this case tends to show—and I am not going to say to you what I think is the weight of it; that is for you to determine—the testimony tends to show that this gas plant was taken possession of by the mayor of the city of San Juan; and there is testimony tending to show that for three months afterwards, or a certain length of time, the city received the benefit of that gas lighting and of those gas works. In other words, the city, by receiving the benefit of it, ratified the act of its mayor. I tell you, as a matter of law, that if the mayor of the city took possession of that property forcibly, and the city received the benefit of the gas made by that property afterwards for any length of time, that then it ratified the action of the mayor, and it became a corporate act, for which, if there be liability, the city is responsible.

If there be liability for this trespass, and damage by reason of it, you then ask, What is the measure of that damage? It is the direct consequences that flowed from that act. The damage which resulted directly from that act to the owner of the property. The testimony tends to show that the city used and kept this property for a certain length of time; it tends to show that it was for about three months, and that the owner was deprived of the use of the property during that time. You are not limited to the value of that use. There is testimony, upon

the one hand, tending to show that it was worth $200 or $300 per month; but, on the other hand, there is testimony tending to show that it was worth $900 per month,—but that is for you to determine. That is only one element of damage,—the use. If, for instance, while the city, being in possession of the property, damaged that property in any way, if the machinery of the property was worn to any extent,—then, whatever that damage was, the plaintiff is entitled to recover for it. In other words, I repeat that the defendant is responsible for taking possession of the property in the way I have stated, and is responsible to the owner for whatever direct injury flowed from taking possession in that way. It is claimed that the property was surrendered by the city to the owner at a certain time. You are the judges of whether that was the case, or not. It is claimed—and there is conflicting evidence on that point—that the city has kept possession of the property since. The testimony tends to show that this property included where the plaintiff's agent lived all the time, also where others lived, under lease from the plaintiff company; and, guided by the best light the court has, I tell you, if the city surrendered the property to him at the end of the three months, or, if the trespass being ended and the city having abandoned the property, the agent of the company was there, then all the plaintiff could recover would be the direct consequences of that trespass. If other trespassers entered thereafter and injured the property in any way, then the city would not be responsible for it.

If you find damages for the plaintiff you must find the actual damages it sustained by reason of this trespass, because, from this testimony, there is no question in my mind but what there was a trespass. If you further believe that this trespass was committed wantonly,—without excuse, without reason,—if there was a purpose to go and take this property in a wanton

manner as out of ill feeling, then the law says you may find such exemplary damages as you think fit. You are not confined, in a case of that character, to mere compensatory damages; but you may add such exemplary damages as you may see fit for that wanton trespass. If you find for the plaintiff, your verdict would be, "We, the jury, find for the plaintiff in damages"—so much. If you find for the defendant,—though the court cannot well see how you can escape finding something for the plaintiff under this testimony, because unquestionably to my mind there was a trespass committed, for which, at least, nominal damages are recoverable,—I say, if you find for the defendant, your verdict would be: "We, the jury, find for the defendant."

I repeat that the measure of damages is what is necessary to compensate the plaintiff company for the injury which was done by the trespass of the city; and that you have the right, if you see fit, under the evidence, to add, as I have already said, exemplary damages if this trespass was a wanton and vindictive one. There is testimony tending to show that the mayor, in the exercise of his judgment, and believing the city might be left in darkness, thought the only way he could protect it was to take possession of this gas works. On the other hand, it is claimed he could have lighted the city in some other way; but, if you believe from the testimony the trespass was wantonly committed,—and you understand what that means,—you would find compensatory damages, and can also find exemplary damages. Retire and make a verdict.